JOHN H. PALMER AND MICHAEL BROWN v. ADDIE L. KEAM, JOHN FRANKLIN HERRICK ET AL.

*Payment of general legacies—Change of trustees.*

1. General legacies of fixed sums of money are payable whenever the condition of the assets of the estate will admit of it, if no time of payment is fixed.

2. A testator, after specifying a number of legacies, bequeathed the whole of his estate to two certain persons as executors, in trust for the payment by them of debts, expenses and legacies. The trust duties related to the distribution of the estate, and were not substantially different from those of executors. To one of the executors he had made a specific bequest. He also empowered them to employ a certain person as counsel. He afterward, by codicil, revoked the specific bequest to the executor and appointed in his stead the person named as counsel, adding that it was his intention to so change his will that the superseded executor should not receive any legacy or benefit whatever by virtue thereof. *Held,* that this revoked also his appointment as trustee, and substituted the later appointee to perform the trust duties in his place.

Appeal from Mecosta. (Fuller, J.) June 25.—Sept. 23.

BILL to construe will. Defendants appeal. Affirmed.

*John E. More* for complainants. To constitute the person
named in the will as executor a special trustee, separate and
apart from his office of executor, it is not enough that the
powers granted to him, or the duties imposed upon him in
relation to a particular fund, be such as are unusual in the
course of ordinary administration; it must also appear that
the intention was to withdraw the particular trust from the
management and control of the executor as such, and to
create a separate office for its management; and this must
appear in the face of the presumption that every provision
made in the will for the management of the estate, and every
part thereof, before it passes into the hands of the beneficiary,
was intended as a direction to the executor in his official
character: *Mathews v. Meek* 23 Ohio St. 272, 289; *Lantz
v. Boyer* 81 Penn. St. 325; *Lansing v. Lansing* 45 Barb.
182; *Colt v. Colt* 33 Conn. 270; a codicil contains nothing
but the revocation of the appointment as executor of one
who was also trustee, and the appointment of another in
his stead; the latter would have as full power to execute
the will as though he had been originally nominated execu-
tor: *Pratt v. Rice* 7 Cush. 209; where a power of sale is
given to executors for the purpose of paying debts and lega-
cies, or either, and especially where there is an equitable
conversion of land into money for the purpose of such pay-
ment and for distribution, and the power of sale is impera-
tive, and does not grow out of a personal discretion confided
to the individual, such power belongs to the office of executor,
and under the statute passes to and may be executed by the
administrator with the will annexed: *Chandler v. Rider* 102
Mass. 271; *Gould v. Mather* 104 Mass. 289; *Warden v.
Richards* 11 Gray, 277; *Lantz v. Boyer* 81 Penn. St. 325.

*Roger W. Butterfield* and *G. V. N. Lothrop* for appellees.
Where a person is appointed executor and trustee, the offices
are distinct, and the acts appertaining to each are to be per-
formed by each in their respective capacities: *Wheatly v.
Badger* 7 Penn. St. 459; *Matter of Wadsworth* 2 Barb. Ch.
381; *Tainter v. Clark* 13 Met. 220; *Daggett v. White* 128
Mass. 398; *Ebert and Barnitz's Appeal* 9 Watts 300; *Case
of Elizabeth Baird* 1 W. & S. 288; *Denne v. Judge* 11 East
288; where one is appointed executor and trustee, he may

decline to act in one capacity and act in the other: *Clark v. Tainter* 7 Cush. 567; *Garner v. Dowling* 11 Heisk. 48; *Williams v. Conrad* 30 Barb. 525; *Estate of Besley* 18 Wis. 451; *Knight v. Loomis* 30 Me. 204; *Williams v. Cushing* 34 Me. 370; or he may be removed from one office and not from the other: *Quackenboss v. Southwick* 41 N. Y. 117; to act as trustee, it is not necessary even that the will should be probated, and unless he has deeded or disclaimed, the trustee can execute a conveyance of the property: *Judson v. Gibbons* 5 Wend. 224; *Dominick v. Michael* 4 Sandf. 401; where a person is appointed to both the offices of executor and trustee, a revocation by the codicil of the appointment to the one will not revoke his appointment to the other office: 1 Jarm. Wills 346; 1 Redf. Wills 362, note 70; *In re Howard* L. R. 1 Prob. & Div. 636; *In re Park* 14 Simons 89; *Hare v. Hare* 5 Beav. 629; *Graham v. Graham* 16 Beav. 553; *Cartwright v. Shepheard* 17 Beav. 301; *Worley v. Worley* 18 Beav. 58; *Battelle v. Parks* 2 Mich. 532; *Ferre v. American Board* 53 Vt. 172; *Dunning v. Ocean Bank* 6 Lans. 299; *Weimar v. Fath* 43 N. J. L. 4; *Conklin v. Edgerton* 21 Wend. 440; *Brown v. Hobson* 3 A. K. Marsh. 380; *Noel v. Harvey* 29 Miss. 72; *Ross v. Barclay* 18 Penn. St. 179; where the power given by will involves special discretion in its exercise, and indicates special trust and confidence in the donee, it cannot be exercised by a successor in office: 1 Sugd. Powers 209–11 [153] 204 § 146; Perry on Trusts §§ 496, 497, 507; *Tainter v. Clark* 13 Met. 226; *Robson v. Flight* 4 DeG., J. & S. 614; 4 Kent's Com. 381; *Partee v. Thomas* 11 Fed. Rep. 776; *Beekman v. Bonsor* 23 N. Y. 303; *Ellison v. Ellison* 6 Ves. Jr. 656; where a will nominates an executor and provides for trusts to be executed by "said executor," without words to show an intention that the power should vest in any other person who may be appointed executor, the trust does not vest in the office: *Simpson v. Cook* 24 Minn. 180; the addition, either by a subsequent clause or a codicil, of another as co-executor, without referring in any manner to the trust and power vested by the preceding part of the will in the person first named as executor, does not show an intention to add another trustee or grantee of the power: *Bartlett v. Sutherland* 24 Miss. 395; *Perkins v. Lewis* 41 Ala. 649; *Shelton v. Homer* 5 Metc. 465; *Dominick v. Michael* 4 Sandf. 375; where a joint power is given, of the kind mentioned in the will, there being nothing to show an intent that it shall be separately exercised, it

·cannot be exercised by either alone: 1 Sugd. Powers 202; *Shelton v. Homer* 5 Metc. 465; *Rumney v. Coville* 51 Mich. 186; *Hall v. Dewes* 1 Jacob's Ch. 192; 2 Williams on Executors 951; *Berger v. Duff* 4 Johns. Ch. 369.

CAMPBELL, J.   Complainants, who are executors of John F. Brown, deceased, filed this bill to have the question settled whether they are empowered to carry out all the provisions of his will, or whether, as to part of them, the powers and duties were vested in complainant Brown and Thomas ·C. Platt.   The court below decreed that the complainants were the persons authorized to act.   The dispute arises under a codicil.

John F. Brown, of Big Rapids, first made his will on May ·3, 1879, and provided as follows:   (1) He gave to several relatives named, in the aggregate $53,000, and to Thomas ·C. Platt of Owego, New York, $5000, making in all $58,000 of absolute and unconditional legacies in money. ·(2) He bequeathed $10,000 each to three nephews, Harry Brown, John Franklin Herrick, and Marcus E. Herrick, payable out of his estate ten years after his decease, by his executors.   But the executors were required, as soon as his property could be converted into money, to invest these sums in ·such securities as they should deem good and safe, and pay ·each of said three legatees semi-annually the interest on his bequest of $10,000.   (3.) A bequest of $10,000 to a sister was required to be divided equally among several nephews and nieces named, if she died before testator.   (4) The residue of his estate was given in equal shares to three nieces named and to the three nephews named.   But the nephews ·were to have their respective shares in this residue paid them by the executors, as each should become twenty-five years ·old.

After these bequests comes the clause which is supposed to create the difficulty.   It is as follows:

" I give and bequeath and devise all my real and personal ·estate, of what nature or kind soever, to Thomas C. Platt, ·of Owego, Tioga county, New York, and Michael Brown, ·of the city of Big Rapids, Mecosta county, Michigan, the

executors of my last will and testament, hereinafter nomi-- nated and appointed, in trust for the payment of my just debts, funeral expenses, and the legacies above specified, with power to sell or dispose of the same at public or private sale, at such time or times, and upon such terms, and in such manner, as to them acting in good faith and using their best judgment shall seem meet; provided, however, that no part of my real estate shall be sold at public auction until after the expiration of three years from the time of my decease, and no part of my personal property shall be sold at public sale until after the expiration of one year from the time of my decease."

The will then provided that certain stock in the Tioga Manufacturing Company should not be sold by his "said executors" unless, in their judgment, necessary to prevent loss, but they were to hold it and participate in meetings as if they were absolute owners. If dissolved, whatever money should come into the hands of his "said executors" should be paid out by them pursuant to the will. He then nominated Thomas C. Platt and Michael Brown to be the executors of the will, and directed that they should receive a reasonable compensation for the business necessary to be done in the settlement of his estate. He further directed that "my said executors employ John H. Palmer, counsellor at law, Big Rapids, Michigan, as their legal adviser in the settlement of my estate."

On the 20th of February, 1881, the testator made a codicil to his will to the following effect: Having first recited the former appointment of Thomas C. Platt as one of the executors of his will, he proceeds:

"Now I hereby revoke the nomination and appointment of the said Thomas C. Platt, as such executor of my last will and testament. And I do hereby nominate and appoint my friend John H. Palmer, counsellor at law, of Big Rapids, Michigan, as one of the executors of my last will and testament, who shall, with Michael Brown, the other executor therein named, execute the same. And whereas, in my last will, I have directed the executors therein named to employ the said John H. Palmer as their legal adviser in the settlement of my estate, which direction so made and given I

hereby revoke, and authorize my said executors to employ
such legal adviser as to them may seem necessary. And
whereas, also, I did provide in my said last will and testa-
ment for the payment to the said Thomas C. Platt of a legacy
of five thousand dollars, now I hereby revoke my said last
will and testament, so far as the same provides for the pay-
ment of said legacy to the said Thomas C. Platt, it being
my intention to so change my said last will and testament
that the said Thomas C. Platt will not receive any legacy or
benefit whatever by virtue thereof, and in all other respects
confirm my said last will."

Palmer and Brown, the two executors named in the codicil,
have duly qualified. The only question now presented is
whether Palmer takes Platt's place in the general bequest for
disposing of the assets. The court below held that he did,
and we are of the same opinion.

The will disposes of the entire estate before the provision
in question is reached. It had already provided, after pay-
ment of debts and funeral expenses, for legacies of fixed
sums of money to the extent of $58,000, for which no time
of payment was fixed, and which would therefore be pay-
able whenever the condition of the assets would provide for
it. It had also provided for the payment of $30,000, ten
years after testator's decease, and these payments were
expressly required to be made by his executors. It was also
made the express duty of the executors to invest this sum of
$30,000, and pay its income to the same legatees during the
ten years. The residuary bequests to his nephews and nieces
exhausted the estate, and there was no deferring of distribu-
tion except to three nephews named, and the payments to
them were also expressly required to be made by the execu-
tors, when those legatees became twenty-five years of age.

Under all these circumstances the various clauses must be
read together. The provision which, after all payments and
investments had already been laid upon the executors, goes
through the form of bequeathing and devising the whole
body of the estate to the persons who are named as execu-
tors, could not have been intended to undo what had already
been done. But when we look at the duties laid upon these

persons by the clause in question, we see that the whole purpose of the trust, if it can be called a trust, is to provide for what is strictly and solely the distribution of the estate, and involves some powers and duties which fall within the common law and statutory duties attached to the office of executors, and not much else, if anything, not ancillary. The purposes of this trust were "for the payment of my just debts, funeral expenses, and the legacies above specified." These are all the purposes named. The payment of debts, funeral expenses and legacies belongs clearly to the executor's office. So does the sale of personal property. There is no room under this clause for dividing the duties. The trust covers all alike, and the whole property, real and personal, is to be converted into one fund for these connected objects. If the trust does not attach to the executors as such, then they have practically no duties to perform in closing up the estate. It seems to be the natural and reasonable inference that no distinction was intended between the powers granted, and that it was expected the executors would perform them all.

The codicil does not, in our view, sanction any different idea. The mere revocation of a pecuniary legacy to Mr. Platt would not, perhaps, throw much light on the question, if separate trusts had been indicated. But the language goes further than this. If the general bequest in the will was to him and Michael Brown as trustees, distinct from their offices as executors, then that was as plainly a legacy to Platt as the beneficial one. But the codicil, after revoking Platt's nomination as executor, and substituting Palmer in his place, and after revoking the $5000 legacy to Platt, proceeds to recite as follows: "It being my intention to so change my said last will and testament that the said Thomas C. Platt will not receive any legacy or benefit whatever by virtue thereof." This certainly covers the joint bequest in terms at least. Putting will and codicil together we have this further state of things: By the will Mr. Palmer was expressly designated as legal advisor in the settlement of the estate, in which capacity he would be expected to have considerable influence

in determining the course of the persons named in the will as having charge of it. By the removal of Mr. Platt and the appointment of Mr. Palmer in his place, it is evident Mr. Palmer's position was intended to be more important. But if the trust declared in the will still remained in Platt and Michael Brown, it, as already suggested, covered the whole settlement of the estate and disposal of the assets, and left no important functions whatever to Mr. Palmer, and furnishes no intelligible reason for any such change. It seems to us that this case involves none of those difficulties which have sometimes led to discussion upon the divided functions of executors and other trustees, and that the whole settlement of this estate was designed to be left to the same hands.

The decree must be affirmed,—the costs, however, to be paid out of the estate.

COOLEY, C. J. and SHERWOOD, J. concurred. CHAMPLIN, J. did not sit.